**CLINCHFIELD RAILROAD COMPANY,**
Plaintiff,

v.

**BOSTON AND MAINE CORPORATION,**
Defendant.

No. 66 Civ. 15.

United States District Court
S. D. New York.

Sept. 20, 1966.

Clark, Carr & Ellis, New York City, for plaintiff; G. Clark Cummings, Donald L. Wallace, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant; M. Lauck Walton, Craig B. Ward, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant Boston and Maine Corporation ("B & M") for an order dismissing the complaint for lack of subject-matter jurisdiction. Fed. R.Civ.P. 12(b) (1).

Plaintiff Clinchfield Railroad Company ("Clinchfield") is averred to be an unincorporated association existing under the laws of Tennessee. B & M is averred to be a Delaware corporation with a place of business in New York City. Diversity of citizenship is not claimed, however, as a basis for this Court's jurisdiction, presumably because the sum in controversy ($7,737.51) is less than $10,000. 28 U.S.C. § 1332.

Jurisdiction is claimed instead under 28 U.S.C. § 1337. It is alleged that this action is one "arising under" an Act of Congress regulating commerce, namely, the Interstate Commerce Act (49 U.S.C. §§ 1 and following), the "Act"; more specifically, 49 U.S.C. § 1, subsections (4), (10) and (11).

The action is for $7,737.51, plus interest and costs, which is claimed as a sum due and owing Clinchfield because of alleged underpayments by B & M for the use of freight cars belonging to Clinchfield ("per diem" charges) during the period August 1953–December 1963.

Plaintiff's complaint may have been drawn on two theories. The first is one of simple breach of express contract (complaint, paras. 7–10), and if this were the only theory alleged, there being no diversity jurisdiction, this Court would lack jurisdiction over the action. But in a letter dated September 12, 1966, plaintiff expressly states that it does not seek to recover on an express contract cause of action.

The second theory is based on the above cited sections of the Act. Plaintiff claims that the Act requires it to provide defendant with certain freight cars, that the Act by necessary implication requires defendant to pay reasonable compensation for such cars, that plaintiff did in fact provide cars to defendant but that the compensation paid by defendant was not that reasonable compensation contemplated by the Act.

Movant contends that plaintiff is suing on a contract implied at common law to pay reasonable compensation, the familiar *quantum meruit*. Movant says that the right claimed arises from the common law and not from the Act.

The Act, specifically at 49 U.S.C. § 1(4), imposes a duty on plaintiff here

"to provide and furnish transportation [explained in § 1(3)] upon reasonable request therefor, and to establish reasonable through routes with other such carriers, and just and reasonable rates, fares, charges, and classifications applicable thereto; * * *"

The Act further provides, in subsection (5) of the same section, that:

"All charges made for any service rendered or to be rendered in the transportation of passengers or property as aforesaid, or in connection therewith, shall be just and reasonable, and every unjust and unreasonable charge for such service or any part thereof is prohibited and declared to be unlawful."

The Act further provides, in subsection (11) of the same section, that:

"It shall be the duty of every carrier by railroad subject to this chapter to furnish safe and adequate car service [defined in § 1(10)] and to establish, observe, and enforce just and reasonable rules, regulations, and practices with respect to car service; and every unjust and unreasonable rule, regulation, and practice with respect to car service is prohibited and declared to be unlawful."

It is alleged that these provisions "require the user [of freight cars] to pay the owner just and reasonable compensation for such use". (complaint, para. 5). It is this compensation for which plaintiff sues.

Although there is no express provision in the Act which requires carrier A to pay carrier B just and reasonable charges for the use of its freight cars, that requirement and the right of the carrier B to sue for such charges is necessarily implicit in the provisions quoted above.

A carrier which violates the duties imposed by those provisions may be held liable in a federal court both civilly and criminally (49 U.S.C. §§ 8, 9, 10(1)).

The duties imposed must be met; the carrier has no choice but to perform them. If carrier A makes a reasonable demand upon carrier B for use of its freight cars, carrier B is directed by the Act to provide cars for such use and at the same time is directed by the Act (49 U.S.C. § 1(5), quoted above) to make only "just and reasonable" charges. It would be both illogical and inequitable were the carrier precluded from suing in a federal court for such charges after having provided such car service under federal direction, and while itself being subject to liability in a federal court.

It is beside the point to argue, as does defendant, that *quantum meruit* is basically a common law remedy and thus the suit at bar "arises out of" the common law rather than out of the Interstate Commerce Act. The remedy which plaintiff is pursuing here is not one of common law *quantum meruit*, but rather is one which finds its source in a federal statute. If the statute expressly stated that carriers had the right to sue for just and reasonable car service charges, there would be no doubt that such a suit arose under an Act of Congress, even though the remedy was in essence a codification of common law *quantum meruit* theory. The fact that the right is implied from the Act, rather than expressly granted therein, should make no difference in the result.

At common law, there would be no obligation on the carrier to furnish cars to every other carrier who reasonably demanded it. This is a duty created by and arising under an Act of Congress. The right which implicitly attends that duty must also "arise" from the statute which creates the duty.

"In testing the complaint for sufficient assertion of a federal question, we apply [the test] * * * whether the complaint is for a remedy expressly granted by an act of Congress or otherwise 'inferred' from federal law, * * *" McFaddin Express Inc. v. Adley Corp., 346 F.2d 424, 425–426 (2d 7 Cir. 1965); cert. denied, 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539 (1966).

The case at bar is one where such an "inference" is strong.

Defendant's motion to dismiss for lack of federal jurisdiction must be denied because plaintiff's right to recover under its complaint "will be sustained if the * * * laws of the United States [in the case at bar, those regarding "just and reasonable" charges] are given one construction and will be defeated if they are given another". Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946).

If the motion be treated as one to dismiss for failure to state a claim upon which relief may be granted by a federal court, it must be denied because, for the reasons given above, this action arises under an Act of Congress regulating commerce. 28 U.S.C. § 1337. See T. B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964); cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

The motion is denied.

So ordered.